IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ADRIAN M. REQUENA,**

                         **Petitioner,**

            **v.**                                       CASE NO. 13-3186-SAC

**RAY ROBERTS, et al.,**

                         **Respondents.**


**MEMORANDUM AND ORDER**


This matter is a petition for habeas corpus filed by a prisoner in state custody. By its order of November 1, 2013, the court directed petitioner to show cause why this matter should not be dismissed due to his failure to fully exhaust state court remedies.

Petitioner submitted a response showing that the Kansas Court of Appeals dismissed his petition due to his failure to submit the required number of copies of the appellate brief. His attempt to file a petition for review in the Kansas Supreme Court was rejected as untimely.

It is apparent that petitioner failed to properly exhaust state court remedies. Because it appears petitioner could not now pursue those remedies, the court analyzes the failure as one of procedural default. Where a petitioner has defaulted claims in the state courts, the habeas court may not consider the claims unless the petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice. *Maples v. Thomas*, __ U.S. __, __, 132 S.Ct. 912, 922 (2012).

In this context, a petitioner demonstrates cause by showing that an objective factor external to the defense prevented petitioner's

compliance with state procedural rules. *Id*. To show prejudice, the petitioner must show "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Finally, a petitioner may overcome procedural default by demonstrating a fundamental miscarriage of justice, a threshold that requires the petitioner to show actual innocence. *Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012).

The court has examined the record and finds no ground to excuse petitioner's procedural default. First, it is clear that petitioner's state appeal was dismissed due to his failure to supply an adequate number of copies of his appellate brief. While petitioner unsuccessfully sought permission to use funds from his forced savings account, that refusal by the Kansas Department of Corrections does not constitute adequate cause. The record shows the appellate court both advised petitioner that he could submit handwritten copies to satisfy the requirement[1] and extended the time to file the copies[2]. Despite this alternative, petitioner failed to supply adequate copies of the brief within the time allowed. Because petitioner has not established cause, the court need not reach the issue of prejudice.

Next, the record does not contain any evidence that shows petitioner's actual innocence of the charge of undue familiarity. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995)("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the

---

[1] Doc. 4, Attach. p. 16.
[2] *Id*., p. 24.

merits of a barred claim.") Petitioner therefore does not show that application of the procedural bar will cause a miscarriage of justice.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed due to petitioner's procedural default.

IT IS FURTHER ORDERED petitioner's motion for leave to file out of time is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

DATED: This 27th day of November, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge